IN THE
TENTH COURT OF APPEALS
 

No. 10-00-162-CR

     DANNY COLLUM,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 54th District Court
McLennan County, Texas
Trial Court # 99-357-C
                                                                                                                
                                                                                                       
O P I N I O N
                                                                                                                

      A jury convicted Danny Collum of felony driving while intoxicated (DWI) and sentenced him
to ten years’ imprisonment. Collum claims in a single point that the evidence is factually
insufficient to support the verdict.
      We review a factual sufficiency challenge by considering all of the evidence in a neutral light
and reverse only if it is so contrary to the overwhelming weight of the evidence as to be clearly
wrong and unjust. Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996); Perkins v.
State, 19 S.W.3d 854, 856 (Tex. App.—Waco 2000, pet. ref’d.). When conducting a Clewis
factual sufficiency analysis we ask “whether a neutral review of all the evidence, both for and
against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine
confidence in the jury’s determination, or the proof of guilt, although adequate if taken alone, is
greatly outweighed by contrary proof.” Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App.
2000) (citing Mata v. State, 939 S.W.2d 719, 729 (Tex. App.—Waco 1997, no pet.) (Vance, J.,
concurring)); Perkins, 19 S.W.3d at 856. This review must defer to the jury verdict so as to avoid
an appellate court substituting its judgment for that of the jury. See Cain v. State, 958 S.W.2d
404, 407 (Tex. Crim. App. 1997); Clewis, 922 S.W.2d at 133.
      Collum testified that after purchasing a new car and renewing his drivers license, he
proceeded to a bar called “Runt’s” located in Bellmead, Texas. He testified that he had not been
drinking when he arrived at the bar and that a few minutes after he entered the bar, the bartender
ordered several of the bar patrons to “get him.” The individuals allegedly hit Collum in the head
with a pool cue and kicked him in the ribs several times. He testified that he does not remember
what happened after being attacked until he returned home and began to have problems breathing. 
Collum was later diagnosed with two broken ribs and a punctured lung. Collum argues that,
although he does not remember performing the field sobriety tests, his inability to perform them
properly was caused by his injuries not from intoxication.
      The State introduced testimony from the bartender at Runt’s, Joann Brandon, who testified
that Collum entered the bar intoxicated. She testified that he was belligerent and verbally accosted
her and other individuals in the bar. She further testified that because of Collum’s intoxicated
state she asked one of the bar patrons to help her remove Collum from the premises. Brandon
testified that she witnessed the patron walk Collum out of the bar and that no one in the bar
assaulted him. Brandon testified that she called 9-1-1 after Collum began yelling incoherently and
attempted to ram the bar with his car.
      Officers Dillard and Johnson stopped Collum’s vehicle within a block of the bar. Officer
Dillard testified that, as Collum got out of his vehicle, he was very unstable and used the car for
balance. Officer Johnson testified that as Collum walked toward the officers, he put his hand on
his car to keep his balance. He also noted the odor of an alcoholic beverage emanating from
Collum. Officer Dillard testified that he performed three field sobriety tests on Collum. He
concluded that Collum was intoxicated after Collum failed to follow instructions and could not
keep his balance during the tests.
      Collum argues that his inability to perform the field sobriety tests properly was a result of the
injuries he sustained. The State, however, presented evidence that Collum was not injured before
he performed the field sobriety tests. Officer Johnson testified that he asked Collum if he had any
head injuries, to which Collum responded “no.” Officers Dillard and Johnson also testified that
Collum did not exhibit any visible signs of injury. The State introduced a video of Collum shortly
after his arrest showing him raising his arms above his head and gesturing with his hands. Marsha
Roddy, Director of Nurses for the McLennan County jail, testified that it would be extremely
painful for a person with two broken ribs and a punctured lung to raise their hands over their head
as Collum did in the video. Shanelle West, the jail book-in technician, testified that she asked
Collum if he had any injuries, to which he responded “no.”
      After considering all of the evidence in the record, we find factually sufficient evidence to
support Collum’s conviction for felony DWI. Although Collum disputed that his behavior was
a result of his injuries and not intoxication, we give deference to the jury verdict and cannot say
that the verdict was so contrary to the overwhelming weight of the evidence as to be clearly wrong
and unjust. See Johnson, 23 S.W.3d at 27; Perkins, 19 S.W.3d at 856. 
      Accordingly, we overrule Collum’s sole point and affirm the judgment of the trial court.
 
                                                                   REX D. DAVIS
                                                                   Chief Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed October 3, 2001
Do not publish
[CR25]